**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MARCUS L. WASHINGTON                                                                    PLAINTIFF

5:14CV00014-JLH-JTK

KARL CHERRY, et al.                                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.  Introduction

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 10). Plaintiff filed a Response (Doc. No. 15), and Defendants filed Replies (Doc. Nos. 16, 19).

Plaintiff Marcus Washington filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC), alleging a denial of access to the courts against Defendants. Plaintiff notified the Court of his release from incarceration on March 24, 2014 (Doc. No. 17). He asks for monetary and injunctive relief.

### II.  Complaint

In his Complaint, Plaintiff states he filed a petition for post-conviction relief under Arkansas Rule 37 on May 21, 2013, which was dismissed with prejudice on June 18, 2013. (Doc. No. 2, p. 4.) He then prepared a Notice of Appeal from that dismissal (due July 22, 2013), and pursuant to a new procedure implemented by Defendant Warden Lay, the Appeal was notarized by an official and submitted to Defendant Cherry for processing in the mail. (Id.) Pursuant to Plaintiff's inquiry, he was notified on August 27, 2013, by the state Office of the Criminal Justice Coordinator that his

appeal was not received. (Id.) In response to his inquiry about his mail, Defendant Baxter state that all mail which is received is processed the same day. (Id., p. 5.) He then filed a grievance alleging that Cherry, Baxter, and Lay hindered his case, but the grievance was ruled untimely. (Id.)

Plaintiff filed a belated Notice of Appeal on October 5, 2013, which was notarized and processed by two ADC officers and received by the Jefferson County Circuit Court on October 8th, 2013. (Id.) On December 9, 2013, Plaintiff received notice that the Arkansas Supreme Court declined to lodge his appeal because it was not timely filed. (Id.) Plaintiff claims Defendant Cherry and his co-workers intentionally lost his mail, which resulted in a denial of access to the courts because his first Notice of Appeal was not timely filed. (Id., p.6.)

### III.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine

dispute over those facts that could actually affect the outcome of the lawsuit." Id.

  A.  **Defendants' Motion**

Defendants ask the Court to dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. According to Barbara Williams, an inmate grievance supervisor, Plaintiff did not appeal any timely-filed grievances to exhaustion prior to filing the present action. (Doc. No. 10-2, p. 1.) She states Plaintiff filed one grievance naming Defendants Cherry and Lay, but that grievance was rejected because it was not filed within fifteen days of the occurrence, as required by the ADC grievance policy, Administrative Directive (AD) 12-16. (Id., p. 2; Doc. No. 10-1.)

In their Reply, Defendants submit copies of the two grievances Plaintiff filed about the incident at issue in his Complaint (Doc. No. 19.) In grievance CU 13-02530, filed September 20, 2013, Plaintiff complained that his legal mail was lost by staff and that Baxter responded to his inquiry by stating that all mail received is processed. (Doc. No. 19-1.) The incident date noted on the grievance was August 29, 2013, which is the date Plaintiff wrote to Baxter about his missing mail. (Id., p. 3.) His grievance was rejected as untimely-filed on September 23, 2013, and he did not appeal to the Chief Deputy/Deputy/Assistant Director. (Id., p. 2.)

The second grievance Plaintiff filed, CU 13-02616, named Defendants Cherry and Lay, and concerned the same incident alleged in the first grievance. (Doc. No. 19-2, p. 1.) This grievance was rejected as a duplicate of the first grievance, and the appeal was rejected as lacking a required attachment. (Id., pp. 3-4.)

Defendants state that the ADC grievance policy requires an inmate to specifically name the individuals involved in the incidents at issue, and provides a two-step process for grieving issues.

Furthermore, the policy specifically informs inmates that they must "exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit .... If this is not done, their lawsuits or claims may be dismissed immediately. (Doc. No. 19-3, AD 12-16.IV.N.) Finally, case law provides that a grievance is not properly exhausted if Defendants are not named in the grievance. Jones v. Bock, 549 U.S. 199, 218 (2007). Based on the above-mentioned grievances, therefore, Defendants state that Plaintiff failed to exhaust his administrative remedies as to all claims against all Defendants.

### B. Plaintiff's Response

Plaintiff states he tried to exhaust his administrative remedies, by filing a grievance as soon as he became aware of the fact that his legal mail was not received by the circuit court. He states there was no way he could have known until he was advised by the courts that they did not receive his appeal, and claims Defendants are failing to take responsibility for his lost mail.

### C. Analysis

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette

v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000), quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. at 218.

The ADC grievance policy in effect at the time of the incident at issue in Plaintiff's Complaint is AD 12-16 (Doc. No. 10-1.) The policy specifically instructs inmates to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate..." within fifteen days after the occurrence of the incident. (Id., p. 5, AD 12-16.IV.E.1,2.) The policy also provides for Informal and Formal steps in the process, together with an appeal to the Chief Deputy/Deputy/Assistant Director, and advises inmate that they must exhaust remedies at all levels of the grievance procedure before filing a Section 1983 lawsuit. (Id., pp. 5-13, 18.)

In this case, Plaintiff states he submitted his state court appeal to ADC officials for mailing in the first or second week of July, and received a response on August 27, 2013, that it was not received. Yet, he did not file his Informal grievance until September 20, 2013, which was beyond

the fifteen day time limit for filing grievances. According to his own version of the events, therefore, Plaintiff was aware on August 27, 2013, that his Appeal had not been received, and his argument that he could not have filed a grievance until he became aware that his mail was not received does not help explain the delay. Furthermore, Plaintiff did not attempt to explain his delay in the grievance process by appealing that grievance. Plaintiff's second grievance clearly was not timelyfiled, and again was not exhausted because it was rejected as duplicative and lacking required documents, and ADC officials did not render a decision on the merits.

Therefore, the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to his claims against Defendants, and that this action should be dismissed on that basis.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 10) be GRANTED.

2. Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to exhaust administrative remedies.

IT IS SO RECOMMENDED this 13th day of May, 2014.

 JEROME T. KEARNEY
 UNITED STATES MAGISTRATE JUDGE